the event. The order directing certain papers to be added to the case, and printed, should be reversed, with $10 costs, and the disbursements of printing the same. All concur.

---

PEOPLE ex rel. COSTELLO v. McCLAVE et al., Police Commissioners.

(*Supreme Court, General Term, First Department.* June 26, 1891.)

MUNICIPAL CORPORATIONS—DISCHARGE OF POLICEMAN.

    The dismissal by the police commissioners of an officer will not be disturbed on *certiorari*, on the ground that the evidence was conflicting, if there is sufficient evidence to support the judgment.

*Certiorari* by James A. Costello to review a decision of John McClave and others, police commissioners, dismissing relator from the police force.

Argued before VAN BRUNT, P. J., and BARRETT and PATTERSON, JJ.

*Louis J. Grant* and *William C. Riddy*, for relator. *William H. C. Clark*, Corp. Counsel, (*Edward H. Hawke, Jr.*, and *Charles A. O'Neil*, of counsel,) for respondents.

VAN BRUNT, P. J. The charge against the relator was conduct unbecoming an officer, the specification being that the relator on Sunday morning, September 22, 1889, assaulted one John Seaman, who was standing in front of No. 51 Fifth avenue waiting for a friend, striking him violently with his club about the body, and fracturing the arm of said Seaman with a blow of his club, without the slightest cause or provocation. Evidence was introduced before the commissioners tending to establish this charge, and evidence upon the part of the relator for the purpose of disproving it, but the relator was dismissed from the force. The principal ground of the proceeding seems to be founded upon the claim now made by the relator's counsel that the relator's case before the commissioners was not very judiciously or properly presented, and it is proposed to reverse the action of the commissioners upon affidavits made long subsequent to the rendition of the judgment complained of. The rule is perfectly well settled, and it is not necessary to be discussed here, that if the issue presented before the commissioners had been presented in an action, and there was sufficient evidence to carry the case to the jury, this court cannot interfere. It appears upon an examination of this record that there was evidence tending to establish the charge made against the relator. It is true that the maintenance of the charge depended largely upon the testimony of the complainant, John Seaman, and that the relator told an entirely different story. But his fellow-officers who were called to testify in his behalf, particularly Officer Gaffney, gave evidence which is slightly in conflict with that of the relator. Under these circumstances, the question was one for the commissioners, and with their judgment this court cannot interfere. It is claimed that there was no preponderance of proof against the relator, no corroborative proof to support the complainant's testimony, and no corroborative proof of the injury sustained, etc. But we know of no rule in cases of this description which requires corroboration in order that a witness may be believed, nor can we reverse a judgment because we may be of opinion that the respondents have not given due weight to the testimony, or that there was not that preponderance of evidence which ordinarily must be present to justify a judgment. They were the judges of the credibility of the witnesses and of the preponderance of evidence. There was sufficient to support their judgment, and in such a case this court is powerless to interfere. The writ should be dismissed, with costs. All concur.